NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 31 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JENNIFER CHRISTIAN, FKA Jennifer
Havemen,

          Plaintiff-Appellant,

  v.

UMPQUA BANK,

          Defendant-Appellee.

No.   18-35522

D.C. No. 3:16-cv-01938-BR

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, Senior District Judge, Presiding

Argued and Submitted November 5, 2019
Portland, Oregon

Before:  PAEZ and RAWLINSON, Circuit Judges, and KOBAYASHI,[**] District
Judge.

      Plaintiff Jennifer Christian ("Christian") appeals the district court's grant of

summary judgment in favor of her former employer, Defendant Umpqua Bank

("Umpqua"), on her claims of gender harassment and retaliation in violation of

---

      [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

      [**]    The Honorable Leslie E. Kobayashi, United States District Judge for
the District of Hawaii, sitting by designation.

Title VII and the Washington Law Against Discrimination ("WLAD"). We have jurisdiction pursuant to 28 U.S.C. § 1291 and review de novo the grant of summary judgment. *Ray v. Henderson*, 217 F.3d 1234, 1239 (9th Cir. 2000). We address Christian's harassment claims in a contemporaneously filed opinion. As to her retaliation claims, we hold that Christian satisfied her prima facie burden. We reverse and remand the retaliation claims to the district court to determine whether Umpqua has proffered a legitimate nonretaliatory reason for the adverse actions alleged and, if so, whether Christian has offered sufficient evidence of pretext for a jury to find in her favor.

Under Title VII and the WLAD,[1] it is unlawful for an employer to discriminate against an employee because the employee has opposed an unlawful employment practice. *See* 42 U.S.C. § 2000e-3(a); Wash. Rev. Code § 49.60.210(1). To establish a prima facie case of retaliation, a plaintiff must show that (1) she engaged in a protected activity; (2) she was subjected to an adverse employment action; and (3) there is a causal link between her protected activity and the adverse employment action. *See Ray*, 217 F.3d at 1240; *Cornwell v. Microsoft Corp.*, 430 P.3d 229, 234 (Wash. 2018).

---

[1] "Because Washington courts look to federal law when analyzing retaliation claims, we consider [Christian's] Washington state law claim and federal claim together." *Stegall v. Citadel Broad. Co.*, 350 F.3d 1061, 1065 (9th Cir. 2003), *as amended* (Jan. 6, 2004); *see also Little v. Windermere Relocation, Inc.*, 301 F.3d 958, 969 (9th Cir. 2001), *as amended* (Jan. 23, 2002).

**1.** First, as to protected activity, the district court erred in determining that Christian's failure to establish actual discrimination defeated her claim that she opposed discrimination. That is not the standard for evaluating retaliation claims. "It is unnecessary that the employment practice actually be unlawful; opposition thereto is protected when it is based on a *reasonable belief* that the employer has engaged in an unlawful employment practice." *Little*, 301 F.3d at 969 (internal quotation marks omitted). This is so regardless of whether the underlying harassment is perpetrated by an employee or a third party, such as a customer. *See, e.g., Trent v. Valley Elec. Ass'n Inc.*, 41 F.3d 524, 527 (9th Cir. 1994). We conclude that Christian's complaints of harassment and Umpqua's failure to take effective remedial action were based on a reasonable belief that Umpqua engaged in an unlawful employment practice.[2] Thus, Christian established protected activity.

**2.** Second, Christian has offered evidence that she was subjected to adverse employment actions. A forced transfer or reduction in job duties may both establish an adverse action. *See Ray*, 217 F.3d at 1241 (transfer); *Passantino v. Johnson & Johnson Consumer Prods., Inc.*, 212 F.3d 493, 506 (9th Cir. 2000), *as amended* (Apr. 27, 2000) (reduction in job responsibilities). The record evidence

---

[2] Indeed, we hold in our concurrently filed opinion that the record evidence is more than sufficient for a jury to find that Umpqua did in fact violate Title VII and the WLAD by ratifying or acquiescing in the harassment Christian experienced.

reflects that Christian was transferred to a different bank branch, where her job duties were reduced. For instance, Christian testified that her supervisor told her that she "was no longer allowed to do sales and lending and open new accounts," which Christian explained had comprised part of her job previously, and that she was no longer able to earn incentive bonuses as a result. Christian also stated that her co-workers were instructed to "audit and review" her work, contrary to what Christian identified as customary bank practice. Christian has offered triable issues of fact that she was subjected to adverse employment actions.

**3.** Finally, Christian has offered circumstantial evidence sufficient to support a causal link between her protected activities and the adverse actions. "[C]ausation can be inferred from timing alone where an adverse employment action follows on the heels of protected activity." *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1065 (9th Cir. 2002); *see also Passantino*, 212 F.3d at 507. Christian's protected activities occurred in September and October 2014; the transfer and reduction in job duties took place in October and November 2014. Crediting this close temporal proximity, as well as the record evidence of Christian's supervisors' alleged knowledge of these complaints,[3] a reasonable trier

---

[3] For instance, Christian testified that one of her supervisors, Naomi Camargo, told her that she had heard about Christian's "reputation"; when asked what she meant by "reputation," Camargo described an error Christian had made "and *other things* that [Camargo] didn't want to talk about[.]" Another supervisor, Lori Wick, testified that she was aware at the time of Christian's first transfer that Christian

of fact could infer retaliatory intent. *See, e.g., Davis v. Team Elec. Co.*, 520 F.3d 1080, 1094 (9th Cir. 2008) ("We have found a prima facie case of causation when termination occurred fifty-nine days after [the protected activity], and when adverse employment actions were taken more than two months after the [protected activity] . . . .") (citations omitted).

Because Christian has satisfied each element of her prima facie case, we remand for the district court to consider whether Umpqua has met its burden to articulate a nonretaliatory reason for the adverse employment actions and, if so, whether Christian has satisfied her burden to show pretext.

**REVERSED and REMANDED.**

---

had been harassed by a customer, and that Umpqua managers at the various bank branches commonly spoke to each other about their employees.